[Civil No. 855.   Filed March 26, 1904.]

[76 Pac. 458.]

MARTIN BUGGELN, Petitioner, v. E. M. DOE, as District
Attorney of the County of Coconino, Territory of Ari-
zona, Respondent.

1. MANDAMUS TO DISTRICT ATTORNEY — QUO WARRANTO — REV. STATS.
1901, PAR. 3794, CONSTRUED.—While the statute, *supra,* authorizing
*quo warranto* does not make it mandatory upon a district attorney
to institute such action unless he has reason to believe a franchise
is being usurped, nevertheless it is his duty, whenever facts are
laid before him from which he can reasonably conclude that a
franchise is being usurped, to institute such proceedings, and if
he fails his action can be reviewed upon an application for *man-
damus.*

2. SAME—SAME—SAME—PLEADING—SUFFICIENCY OF PETITION.—A peti-
tion for writ of *mandamus* to compel a district attorney to institute
*quo warranto* proceedings is insufficient where it appears that all
that was presented to him was a verified complaint, possibly suffi-
cient as a pleading in *quo warranto,* which did not contain allega-
tions sufficient to show that the franchise was being usurped.   The
application for writ of *mandamus* must show that facts were laid
before him from which he could have had reason to believe that
such franchise was being usurped.

PETITION for Writ of Mandamus.

T. J. Norton, for Petitioner.

E. M. Doe, for Respondent.

THE COURT.—We think the statute authorizing an action
in the nature of *quo warranto* does not make it mandatory
upon the district attorney to institute such action, unless he
has reason to believe that an office or franchise is being
usurped, intruded into, or unlawfully held or exercised.   It
is, however, his duty to bring such proceedings when facts are
laid before him from which he can reasonably conclude that
such franchise is being usurped.   If, on such showing, he
fails to institute such proceedings, his action can be reviewed
upon an application for *mandamus;* and where, upon such
application, it appears to the court that such a showing has
been made to the district attorney, from which he could reason-

ably conclude that such franchise had been usurped, a writ of *mandamus* will issue to compel the institution by such district attorney of a proper proceeding in the nature of *quo warranto*.

The demurrer to the petition for the writ of *mandamus* raises the question whether such petition shows that facts were laid before the district attorney from which he could have reason to believe that the franchise in question had been usurped. We do not think the petition sufficiently shows these facts. It is not a question whether such petition sufficiently shows that such franchise has been usurped, but whether such facts were laid before the district attorney at the time he refused to bring the action in *quo warranto*. The petition before us shows that all that was presented to the district attorney was a verified complaint to be filed by the district attorney in the proposed *quo warranto* action. This complaint, while perhaps sufficient as a pleading in such action, which we do not pass upon, did not contain allegations sufficient to show the district attorney that the franchise was being usurped. We cannot say that from such complaint the district attorney had reason to believe that the franchise was being usurped, and should therefore have instituted the action in *quo warranto*.

The demurrer to the petition will be sustained, with leave to the petitioner to amend the petition, or to bring such further proceedings as he may be advised.