303 P.2d 990

Neilson BROWN, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR COUNTY OF SANTA CRUZ, and Honorable Gordon Farley, presiding Judge thereof, Respondents.

No. 6360.

Supreme Court of Arizona.

Nov. 21, 1956.

Nasib Karam, Nogales, Joseph P. Ralston, and Perry M. Ling, Phoenix, for petitioner.

Gordon Farley, Nogales, in pro. per., Richard D. Walker, Florence, and Douglas H. Clark, Phoenix, for respondents.

UDALL, Justice.

Neilson Brown, as petitioner, sought an original writ of prohibition in this court directed to the Superior Court of the State of Arizona, in and for the County of Santa Cruz, and Honorable Gordon Farley, presiding judge thereof (hereinafter designated respondents), to require respondents to desist and refrain from any further proceedings in a primary election contest then pending in said court. Because time was of the essence, we waived compliance by petitioner with Rule 1(c), Rules of Supreme Court, and forthwith issued an alternative writ of prohibition. The return date was set for November 1st (all dates herein refer to year 1956), and with all parties represented the matter was heard on its merits on November 2d, at which time this court, being fully advised in the premises, entered an order "that the alternative writ of prohibition * * * is made peremptory, a written opinion to follow later." In obedience to our constitutional mandate, article 6, section 2, we now state our reasons for such action.

The record discloses the following situation: petitioner, Neilson Brown, was one of three candidates for the Democratic party's nomination for two nominees for the office of state senator of Santa Cruz county in the primary election held on September 11th. The board of supervisors of such county completed the canvass of the election returns on September 17th, and it then declared petitioner and C. B. Smith to be the two nominees of the Democratic party for this office and, on September 22nd, issued to said petitioner a certificate of nomination. R. G. Michelena of Nogales, the losing party in this three-cornered primary race, on October 19th filed a statement of contest against petitioner alleging that due to an erroneous count Senator Brown did not actually receive a greater number of votes cast for the office than contestant, and also alleged that illegal votes were cast. Contestee Brown moved for summary judgment on the ground that the contest had not been filed within the period (20 days) allowed by law and, hence, the court was without jurisdiction. The motion was denied on October 30th, at which time an order was entered directing that an inspection and recount of the ballots should begin on November 1st. This petition for prohibition was then filed. As the general elec-

tion was to be held on November 6th, it was obvious there would be no time for an appeal, and, as a question of jurisdiction was involved, we entertained this original application for prohibition in order that the matter might be promptly resolved.

At all times it has been the position of respondents—who were represented by counsel for contestant Michelena—that (a) the office of state senator is a state office, (b) under the state constitution and statutes the secretary of state—in the presence of the governor and attorney general—is the only party authorized to canvass the returns for all state offices, and (c) that such canvass was made on October 1st when a certificate of nomination signed by the secretary of state was issued to petitioner.

■■ Two of respondents' contentions, i. e. (a) and (c), supra, can readily be disposed of. First, it is established in this jurisdiction that members of the legislature are state officers. State ex rel. Jones v. Lockhart, 76 Ariz. 390, 265 P.2d 447. Secondly, we held in the case of Adams v. Bolin, 74 Ariz. 269, 247 P.2d 617, 33 A.L. R.2d 1102, that the Supreme Court would take judicial notice of the official records as to election matters on file in the office of the secretary of state. We find from an examination thereof that in the instant case respondents' contention the secretary of state canvassed the primary election returns as to members of the legislature

is incorrect. Hence, a certificate, if any was issued by such officer to petitioner stating he was one of the nominees for state senator, was wholly unofficial as it certainly had no basis upon which to rest.

■ It is fundamental that rules governing election contests are purely statutory, Grounds v. Lawe, 67 Ariz. 176, 186, 193 P.2d 447, and this statement appears in 29 C.J.S., Elections, § 259:

"Requirements as to the time within which the contest must be brought are regarded as mandatory, and unless strictly complied with *the court is without jurisdiction to proceed.*" (Emphasis supplied.)

In determining whether the contest was timely filed the real question is, when did time begin to run? It is respondents' contention that completion of the state canvass started time running; if this be true then the court did have jurisdiction to try the matter. However, if as petitioner asserts time began to run from either the completion of the canvass or issuance of a certificate of nomination to petitioner by the board of supervisors, then obviously the court was without jurisdiction.

■ In order to resolve the problem presented it is necessary to examine and analyze the pertinent statutes relative to the canvassing of primary election returns and issuance of certificates of nomination as well as the statutory provisions gov-

erning contests of election. All sections of the code hereafter cited are from A.R.S. 1956.

Section 16–504 reads in part:

"A. A primary election shall be held, the voters shall vote therein, * * * the votes shall be counted and canvassed, the returns shall be made, all in the same manner as provided for a general election, and shall otherwise conform to the laws governing general elections except as otherwise specifically provided. * * *"

Section 16–571 (insofar as pertinent) reads:

"A. When the board of supervisors, * * * has completed its canvass of precinct returns, the person having the largest number of votes, or if more than one candidate is necessary, those candidates to the required number who have received the largest number of votes for the nomination for an office in the political party of which he was set forth on the ballot as a candidate for the nomination, shall be declared the nominee of the party for that office, and be given a certificate of nomination therefor by the board * * *, which shall entitle him to have his name placed upon the official ballot at the ensuing election as the nominee of the party for the office, * * *.

"B. The board of supervisors shall make return of the canvass to the secretary of state, and the *secretary of state shall canvass the return and issue the certificate of nomination* as provided in this section to the nominees *as to all offices voted upon by the electors of the entire state, or of a district or subdivision thereof larger than a county* in the same manner as returns are made and canvassed at general elections." (Emphasis supplied.)

"Article 14. Canvass by Secretary of State

"Sec. 16–991. Canvass of returns of state offices, * * *."

Subdivision A thereof provides that following a general election such officer

"* * * shall canvass the returns *for all offices voted upon by the electors of the entire state or a district or subdivision thereof larger than a county.*" (Emphasis supplied.)

Section 16–992, "Declaration of election to office; delivery of certificate of election", employs language similar to the preceding section.

Turning now to the statutes governing contest of elections—with which we are here particularly concerned—the following appear:

"Sec. 16–505. Contest of primary elections

"Contests arising out of primary elections shall be brought and determined in the same manner, as nearly

as possible, as provided by law for contests of general elections."

"Sec. 16–1201. Contest of state election; grounds; venue

"A. Any elector of the state may contest the election of any person declared elected to a state office, *or declared nominated to a state office at a primary election,* * * * upon any of the following grounds * * *" (then follow five enumerated grounds; emphasis supplied).

Section 16–1202, "Statement of contest; verification; filing", insofar as pertinent, reads as follows:

"A. The elector contesting a state election shall *within twenty days after completion of the canvass of the election and declaration of the result thereof by the secretary of state* or by the governor, file in the court in which the contest is commenced a statement in writing setting forth * * *" (then follow certain essential allegations; emphasis supplied).

Section 16–1204, "Contest of county or other election".

"A. An elector of a county, * * * may contest the right of a person declared elected to an office to be exercised therein, or declared nominated to an office at a primary election, * * * on the same grounds and in the same manner as contests of election to a state office * * *."

We construe the wording, "on the same grounds and in the same manner as contests of election to a state office", supra, to require that a contest under this provision be commenced within twenty days of completion of canvass and declaration of result by the board of supervisors.

It was the contention of contestant Michelena that section 16–1202, supra, covering state election contests, governed and the respondent trial court agreed. On the other hand petitioner maintains that, inasmuch as he was nominated by the electors of a single county, section 16–1204, supra, applies.

Respondents further advance a constitutional reason why the secretary of state is the only party authorized to canvass returns of votes cast in a primary election for members of the legislature. Reliance is had upon article 5, section 11, Constitution of Arizona, which reads:

"The returns of the election for all State officers shall be canvassed, and certificates of election issued by the Secretary of State, in such manner as may be provided by law."

Were this a contest involving the *election,* as distinguished from the *nomination,* of a state officer, respondents' position would be impregnable. See, Campbell v. Hunt, 18 Ariz. 442, 450, 162 P. 882, 885, and Cf. State ex rel. Davis v. Osborne, 14 Ariz. 185, 194, 125 P. 884, 888. Manifestly, this

constitutional proviso has reference only to canvass of the returns of a general election and not that of a primary election which is held solely for the purpose of nominating candidates of the respective parties for a place on the general election ballot. It will be noted this section refers only to the issuance by the secretary of state of "certificates of election", no mention being made of *"certificates of nomination"*.

We have quoted the only provision in the constitution that has a bearing on the instant problem. Hence, the legislature had plenary power to determine, in primary elections, in what manner and by whom the canvass, declaration of result and certificate of nomination of certain candidates for state office should be handled, as well as the method to be followed in contests. In other words, we do not look to the state constitution to determine whether the legislature is authorized to do an act, but only to see if it is prohibited. Earhart v. Frohmiller, 65 Ariz. 211, 224, 178 P.2d 436; Roberts v. Spray, 71 Ariz. 60, 69, 223 P.2d 808; Adams v. Bolin, supra, 74 Ariz. at page 283, 247 P.2d 617; State v. Osborne, supra.

■ ‘ The overall picture forces the conclusion the legislature intended that all matters (including contests) concerning primary elections of state officers who are nominated by the electors from a single county (i. e., superior court judges and members of the legislature) should be handled on the county level. This deduction is further bolstered by the initial statutory requirements governing the duties of candidates for party nomination, for instance: nomination petitions, Sec. 16–301, nomination papers signed by the candidate, Sec. 16–303, report designating financial agent, Sec. 16–422, and statement of expenses, Sec. 16–423, of these particular state officers are all required to be filed with the clerk of the board of supervisors and not with the secretary of state. However, it should be noted that section 16–454 makes provisions for expense statements in *general and special* elections, as follows:

"The statements in this article required to be filed shall be filed in the office of the secretary of state for candidates for state offices and members of the legislature, with the clerk of the board of supervisors for candidates for county offices, and with the city or town clerk for candidates for city or town offices."

We have concluded and, therefore, hold that the trial court was without jurisdiction to entertain the primary election contest in question. For the reasons stated herein the alternative writ of prohibition was made peremptory.

LA PRADE, C. J., and WINDES, PHELPS and STRUCKMEYER, Jr., concurring.