355 P.2d 895

**STATE of Arizona, Appellee,**

v.

**Frank G. ROBLES, Appellant.**

No. 1148.

Supreme Court of Arizona.

Oct. 5, 1960.

Rehearing Denied Nov. 1, 1960.

Wade Church, Atty. Gen., Harry Ackerman, Pima County Atty., Jack G. Marks, City Atty., Jack T. Arnold, Asst. City Atty., Tucson, for appellee

Frank G. Robles, Tucson, in pro. per.

PHELPS, Justice.

This appeal is prosecuted by appellant Frank G. Robles (hereinafter designated as defendant) from a conviction, judgment and commitment of the superior court of Pima County, Arizona, finding him guilty of violating the election laws of the State of Arizona, a misdemeanor, and sentencing him to imprisonment in the Pima County jail for a period of 10 days from 8 a. m., March 25, 1959.

The facts are that defendant was charged in the city court of Tucson with the violation of A.R.S. § 16–862, making it a misdemeanor for any person, after voting, to remain inside the fifty-foot limits as fixed by the election marshal, by posting three notices in different directions from the entrance to the place in which the election is being held. This section prescribes the character of the notices to be posted and declares a violation of the statute to constitute a misdemeanor.

Defendant was found guilty by the city court which fixed his punishment at $75 fine or imprisonment in the city jail for a period of 15 days. Defendant then appealed to the superior court of Pima County with the result above mentioned from which judgment this appeal comes to us.

Defendant has presented several assignments of error for our consideration but under the circumstances of this case we are precluded under the provisions of A.R.S. § 22–375 from considering any of them except assignment No. 1, which is based upon the claim that A.R.S. § 16–862, is unconstitutional.

A.R.S. § 22–375 reads as follows:

"A. An appeal may be taken by the defendant from a final judgment of the superior court in an action appealed from a justice of the peace or police court, if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute.

"B. Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."

The present appeal does not involve the validity of any tax, impost, assessment, toll or municipal fine. But it is asserted by defendant that A.R.S. § 16–862, is unconstitutional. The assignment itself states no ground upon which he claims this section to be unconstitutional. But he does argue in his brief (1) that it is vague to the extent that one cannot tell what it

forbids and what acts it penalizes as crimes, (2) by implication defendant claims that said statute vests legislative powers in some administrative official, specifically the election marshal, who is charged in A.R.S. § 16–862, with the duty of placing certain signs furnished by the board of supervisors at the polling place "approximately fifty feet, in different directions, from the entrance of the place in which the election is being held." A.R.S. § 16–862 provides as follows:

"A. The board of supervisors shall furnish with the ballots 'for each polling place, three notices, printed on muslin in letters not less than two inches high, reading 'Fifty-foot limit' and underneath that heading the following:

" 'No person shall be allowed to remain inside these limits while the polls are open, except for the purpose of voting, and except the election officials and not more than one representative of each political organization represented on the ballot, such representative to be one of three appointed by the chairman of the local committee of such political organization. *Voters having cast their ballots shall at once retire without the fifty-foot limit.* A person violating any provision of this notice is guilty of a misdemeanor.' (Emphasis ours.)

"B. Before opening the polls, the election marshal shall post three fifty-foot limit notices *approximately* fifty feet, in different directions, from the entrance of the place in which the election is being held. (Emphasis ours.)

"C. Any person violating any provision of the fifty-foot limit notice is guilty of a misdemeanor."

We are of the view that there is no basis whatever for the assertion that A.R.S. § 16–862 delegates any legislative power to anyone. The language is clear. It is not a delegation of power to anyone. It is merely a direction to the election marshal to post the three notices approximately fifty feet in different directions from the entrance of the place in which the election is being held. We are further of the view that the legislature in using the above language intended to designate the entrance to the building as the point from which the measurement should be taken in establishing the locations at which the "fifty-foot limit" notices were to be posted. The purpose of these notices, limiting the area within the boundaries of which voters who have voted and other interested persons other than those named in the Act may not remain, is to prevent interference with the efficient handling of the voters by the election board and to prevent delay or intimidation of voters entering the polling

place by political workers seeking a "last chance" effort to change their vote.

We therefore hold that A.R.S. § 16–862 is constitutional.

Judgment affirmed.

STRUCKMEYER, C. J., and BERNSTEIN, UDALL and LESHER, JJ., concur.