407 P.2d 72

**STATE of Arizona ex rel. Robert W. PICK-RELL, Attorney General of the State of Arizona, Appellant,**

**v.**

**The TOWN OF SCOTTSDALE, a municipal corporation, Appellee.**

No. 8321.

Supreme Court of Arizona.

En Banc.

Oct. 27, 1965.

**104**

See also 98 Ariz. 382, 405 P.2d 871.

Robert W. Pickrell, former Atty. Gen., and Charles M. Brewer, Sp. Asst. Atty. Gen., Phoenix, for the State.

Osmund Burton, Jr., City Atty. of Town of Scottsdale, Snell & Wilmer, by Mark Wilmer, Phoenix, for appellee.

UDALL, Justice.

On April 19, 1962 the attorney general on behalf of the state of Arizona filed a complaint charging the appellee, Town of Scottsdale, with exercising an unlawful franchise over an area contiguous to the town, and a writ of quo warranto was issued on the same date. The quo warranto action was initiated to test the validity of the annexation of an area described in appellee's city ordinance 135, passed and adopted by the city council on December 5, 1961. See A.R.S. § 12–2041 (1956).

The case was tried before the trial court sitting without a jury. Findings of fact, conclusions of law, and an order for judgment in favor of the state, hereinafter referred to as appellant, were signed by the trial judge and filed on May 10, 1963. Before entry of judgment, alternative motions for new trial pursuant to Ariz.R.Civ.P. 59, 16 A.R.S., and to amend the findings of fact and conclusions of law pursuant to Ariz. R.Civ.P. 52(b), were made by appellee. After argument, new findings of fact and conclusions of law and a judgment in favor of appellee were signed and filed on November 7, 1963. A motion for new trial and a motion to reopen were duly made by appellant, and were denied on November 7, 1963. Notice of appeal was timely filed, and this

Court has jurisdiction under A.R.S. § 12–2101 as amended.

On December 5, 1961 the city council of Scottsdale passed and adopted ordinance 135, which purported to annex a large area northwest of the city. A quo warranto proceeding was instituted to test the validity of the purported annexation. The parties to the lawsuit, prior to trial, stipulated that the assessed valuation of the real and personal property was as follows:

"1. Total value of land, improvements, secured personal, household    $20,044,775

2. Unsecured personal property    347,685

3. Public Utility signatures
   Arizona Public Service    163,675
   Indian Bend Water Company    60,000
   Telephone Company    1,200,000

             $21,816,135"

The annexation petitions signed by Mountain States Telephone and Telegraph Company, and Arizona Public Service contained special language. The petition signed by Mountain States Telephone and Telegraph Company reads as follows:

"This petition is being signed with the understanding and conditioned upon the assurance that the owners of more than 50% of the property in the above described area, exclusive of property owned by public utilities, have also signed petitions for the annexation of said area."

The petition signed by Arizona Public Service reads as follows:

"This petition is signed with the understanding that you have over 51% of the assessed evaluation of the property in question, excluding utilities, favoring annexation to Scottsdale and that there is no organized opposition or controversy against the area being annexed to Scottsdale."

The trial court originally found, inter alia, that the petitions signed by the two public utilities were invalid and could not be included in the total assessed valuation of the real and personal property. Later, the trial court reversed the above finding of fact and included the amount represented by the conditionally signed annexation petitions.

This appeal must be considered in view of our holding in the recent case of Town of Scottsdale v. State, 98 Ariz. 382, 405 P.2d 871 (Sept. 29, 1965). The legal question raised by the instant case is identical in substance, if not in form, to that presented by the related case and considered in Town of Scottsdale v. State, supra. In that case, another annexation ordinance was involved, and the two public utilities involved in the principal case signed conditional annexation petitions which were almost identical to the conditional annexation petitions set forth above. We held, in the prior case, that by

**106**

imposing conditions on the petitions, the public utilities rendered the petitions a nullity, and excluding the amount represented by the conditional petitions, the city council was not presented with petitions representing the required one half of the assessed value of the property in the area to confer jurisdiction to annex the area as required by A.R.S. § 9–471 (1956).

The facts in this case, tested by the above holding, indicate that appellee was without jurisdiction to annex the area described in appellee's annexation ordinance 135, adopted December 5, 1961. The total assessed valuation of real and personal property subject to taxation by the city in event of annexation was $21,816,135. The amount necessary to confer jurisdiction to annex in accordance with A.R.S. § 9–471 (1956) was not less than $10,908,067.50. The amount represented by petitions, excluding the two public utilities, was $10,-460,735. Thus, there was an insufficient amount represented by the petitions, excluding the public utilities' petitions, to confer jurisdiction upon the city council to pass and adopt annexation ordinance 135.

We find it unnecessary to set forth our reasoning and interpretation of A.R.S. § 9–471 (1956) in this case. The question was discussed fully in Town of Scottsdale v. State, supra, and we will not repeat it here. Also, appellant's other assignments of error need not be decided in view of our holding in this case.

The judgment of the trial court is reversed, and the city ordinance of annexation is set aside.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and McFARLAND, JJ., concur.