573 P.2d 928

**Marion BARRERA, Appellant,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF GRAHAM, Ronald J. Greenhalgh, County Attorney, Graham County, Graham County Board of Supervisors, Hugh G. Hamman, Chairman, Delbert Householder, member, and Dale Olsen, member, Appellees.**

**No. 2 CA–CIV 2598.**

Court of Appeals of Arizona, Division 2.

Dec. 29, 1977.

---

2. *See also,* A.R.S. § 22–375 relating to appeals from the justice court in criminal proceedings.

529

Marion Barrera, in pro. per.

Ronald J. Greenhalgh, Graham County Atty., Safford, for appellees.

OPINION

HATHAWAY, Judge.

Petitioner-appellant Marion Barrera, an unsuccessful candidate in the September 7, 1976, primary election for the office of Graham County Board of Supervisors for district # 3, appeals the dismissal of his petition for recount of ballots. On October 22, 1976, he filed a petition in Graham County Superior Court requesting, for the following reasons, a manual recount of the votes cast for the candidates in Safford # 2 precinct:

"1. That affiant was a lawful candidate for this office.

2. That affiant is a tax paying citizen of this Country, State, and County.

3. That affiant is willing to pay the costs of this canvass.

4. That some respected citizens of this County have encouraged affiant to have canvass.

5. AND that canvass be done for affiant's personal satisfaction, that he may know that the computer worked properly and that the 'key card' was properly programed.

Affiant FURTHER states, that *this Petition is not a contest against the successful candidate*, Mr. Dale Olsen, for this office." (Emphasis added)

The right to a recount and contest of the ballots cast at an election did not exist at common law, *State ex rel. Lydick v. Brown*, 516 P.2d 239 (Okl.1973); *State ex rel. Denton et al. v. Vinyard et al.*, 55 N.M. 205, 230 P.2d 238 (1951); 29 C.J.S. Elections § 289; and the granting of such right lies within the discretion of the legislature. *Coe v. State Election Board et al.*, 203 Okl. 356, 221 P.2d 774 (1950). "Proceedings for a recount of votes cast at an election are strictly statutory. They are of no effect unless authorized, begun and conducted as provided by the statute." *Swift v. Registrars of Voters of Milton*, 281 Mass. 264, 183 N.E. 727, 728 (1932), quoted in *Felch v. Registrars of Voters of Salisbury*, 336 Mass. 7, 142 N.E.2d 331 (1957). The burden is on the one seeking a judicially-ordered recount to point out a law vesting that authority in the court.

At the hearing on his petition, appellant stated that "Human error or deliberateness on either switching cards with nobody knowing that the cards were switched could also cause the computer to operate properly but give the wrong count. And this is what I really want to know. . . . And I'm

pleading for the privilege of having this recount, not to contest Mr. Olsen's winning, but to be sure that everything was kosher. There is certain things that do bring doubt into my mind, but this is nothing but hearsay and rumor . . . ."

Appellant does not contend that the Board of Supervisors failed to comply with the following requirement of A.R.S. § 16–1032:

"Within five days prior to the election day, the board of supervisors or other election officer in charge shall have the automatic tabulating equipment and programs tested to ascertain that the equipment and programs will correctly count the votes cast for all offices and on all measures. Public notice of the time and place of the test shall be given at least forty-eight hours prior thereto by publication once in one or more daily or weekly newspapers published in the town, city or village using such equipment, if a newspaper is published therein, otherwise in a newspaper of general circulation therein. The test shall be observed by at least two election inspectors, who shall not be of the same political party, and shall be open to representatives of the political parties, candidates, the press and the public. The test shall be conducted by processing a preaudited group of ballots so punched or marked as to record a predetermined number of valid votes for each candidate and on each measure, and shall include for each office one or more ballots which have votes in excess of the number allowed by law in order to test the ability of the automatic tabulating equipment and programs to reject such votes . . . The test shall be repeated immediately before the start of the official count of the ballots, in the same manner as set forth above."

About ten test runs were performed prior to counting the actual ballots for the primary election and a test was also performed after the election. At no time did the computer fail to count the ballots accurately.

■ The court correctly ruled that no authority exists in Arizona for ordering the recount requested by appellant. In Arizo-

na, it is fundamental that rules governing election contests are purely statutory. *Fish v. Redeker*, 2 Ariz..App. 602, 411 P.2d 40 (1966); *Brown v. Superior Court, In and for County of Santa Cruz*, 81 Ariz. 236, 303 P.2d 990 (1956); *Grounds v. Lawe*, 67 Ariz. 176, 193 P.2d 447 (1948). A recount is permissible pursuant to the provisions of A.R.S. § 16–1001, et seq., but appellant does not claim that these automatic recount provisions are applicable here. By following the procedures of A.R.S. § 16–1201, et seq., an elector may contest the election of any person declared nominated to a county office at a primary election. Appellant thus had an opportunity, pursuant to the contest provisions, to prove his charges that error or fraud might have resulted in an erroneous count of votes, but he declined to exercise his statutory right.

We have no law, apart from A.R.S. § 16–1001, et seq., providing for a recount without a contest. Without statutory authority, the court had no jurisdiction to order the recount and properly dismissed the petition.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.