584 P.2d 569

Vera D. DONAGHEY, Appellant,

v.

ATTORNEY GENERAL, State of Arizona, Bruce E. Babbitt, Appellee.

No. 2 CA–CIV 2766.

Court of Appeals of Arizona, Division 2.

March 30, 1978.

Rehearing Denied May 17, 1978.

Review Granted June 13, 1978.

J. Lavell Harper, Casa Grande, for appellant.

Bruce E. Babbitt, Former Atty. Gen. by John A. LaSota, Jr., Acting Atty. Gen. and Roderick G. McDougall, Asst. Atty. Gen., Phoenix, and Joyce Geyser, Rule 28(e) Law Student, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal by Vera D. Donaghey, a registered voter of Pinal County, is from the dismissal of her petition for a writ of mandamus for failure to state a claim for relief. She sought to compel appellee, the Attorney General of Arizona, to bring quo warranto proceedings challenging the validity of the incorporation election held for the Town of Superior. Since this election was invalid, she argued, the town council election was also invalid and council members were holding office unlawfully. The quo warranto statute, A.R.S. § 12–2041, provides:

"A. An action may be brought . . . by the attorney general in the name of the state upon his relation, upon his own information or upon the verified complaint of any person . . . against any person who usurps, intrudes into or unlawfully holds or exercises any public office or any franchise within this state. B. The attorney general shall bring the action when he has reason to believe that any such office or franchise is bring usurped, intruded into or unlawfully held or exercised."

Appellant stated in her petition, filed February 15, 1977, that though she voted absentee in the September 7, 1976 primary election, she was not given the opportunity to vote absentee in the incorporation election held on the same date. She claimed that election rules were violated in that " . . . adequate notice was not given, as the first notice of the election was given on the night of September 1st in the publication of the local newspaper and . . . no absentee ballots were provided as required by the statute for any election held in the State of Arizona."[1] She further stated that she had provided appellee with information of these violations but that he had refused to perform the duty required of him under A.R.S. § 12–2041.

Some time after the incorporation election on September 7, 1976, appellant filed a complaint in Pinal County Superior Court in which she asserted the invalidity of such election. The Town of Superior, a defendant in the suit, attacked appellant's standing to bring the suit, and moved to dismiss. Appellant then contacted the Attorney General in early December of 1976. He replied in a letter dated January 7, 1977, that after a review of both appellant's file and the

---

1. A.R.S. § 16–1101 (as amended):
   "A. Any election called pursuant to the laws of this state shall provide for absentee voting. Any qualified elector who meets the criteria established by this section shall be permitted to vote absentee at such election."
   A.R.S. § 16–1102:
   "A. Within thirty days next preceding the Saturday before any election called pursuant to the laws of this state, an elector may make a signed request to the county recorder, or other officer in charge of elections for the applicable political subdivision of this state in whose jurisdiction the elector is registered to vote, for an official absentee ballot.
   B. Upon receipt of such a request, the recorder or other officer in charge of elections shall mail postage prepaid to the elector the ballot, the official application and the envelopes for their return."

applicable law, he declined to take action in this matter because, "The uncontroverted statistics we have seen concerning the heavy turnout of incorporation voters leads us to conclude that sufficient notice of the election existed."

■ The court dismissed appellant's complaint on February 3, 1977.[2] She then filed this petition for a writ of mandamus against the Attorney General. Appellee moved to dismiss the petition for a number of reasons, including failure to state a claim upon which relief can be granted. Appellee claimed that, as shown by the January 7th letter of refusal, attached to his motion to dismiss and incorporated by reference, he had exercised his discretion under A.R.S. § 12–2041 by refusing to institute a quo warranto action and could not be compelled to do anything further.

Appellant argues on appeal that appellee had a duty under A.R.S. § 12–2041 to bring quo warranto proceedings on her behalf and if he had any discretion under the statute he abused it by refusing to act. She contends that the election was void because the failure to provide absentee ballots deprived electors of their right to vote.

■ Where the facts presented to the Attorney General are not in dispute and show as a matter of law that a public office is unlawfully being held or usurped, his refusal to institute quo warranto proceedings is a violation of his duty, and he may be compelled to perform that duty by a writ of mandamus. *Duffield v. Ashurst*, 12 Ariz. 360, 100 P. 820 (1909). In reviewing a motion to dismiss for failure to state a claim:

" . . . we must be guided by the well-settled law that a litigant, in making such a motion, must admit the truth of all the well-pleaded facts alleged in the complaint. A court should not grant a motion to dismiss for the reason that the complaint fails to state a cause of action unless it appears certain that the plaintiff would not be entitled to relief under any

state of facts susceptible of proof under the claim stated. Rule 12(b)(6), Rules of Civil Procedure, 16 A.R.S. [citations omitted]" *Folk v. City of Phoenix*, 27 Ariz. App. 146, 149, 551 P.2d 595, 598 (1976).

■ Appellant claimed in her petition that no absentee ballots were provided as required by law. Assuming this to be true, as we must, such a departure from the requirements of the election statutes may have precluded a sufficient number of electors from expressing their will at the polls to change the outcome, and thus have prevented a free and fair election. *Menlo Park City School District v. Tormey*, 218 Cal.App.2d 76, 32 Cal.Rptr. 82 (1963); *McLoughlin v. City of Prescott*, 39 Ariz. 286, 6 P.2d 50 (1931); *Rideout v. City of Los Angeles*, 185 Cal. 426, 197 P. 74 (1921); *Weisgerber v. Nez Perce County*, 33 Idaho 670, 197 P. 562 (1921). Appellee's refusal to institute quo warranto proceedings, following such a questionable election, would be an abuse of discretion.

From our review of the allegations in appellant's petition, we cannot say that she would not be entitled to mandamus relief under any state of facts which could be proved to support her claim. The motion to dismiss was improperly granted.

Reversed.

RICHMOND, C. J., and HOWARD, J., concur.

---

**2.** If the Attorney General refuses to bring an action as provided for in A.R.S. § 12–2041, a private party may apply to the court for leave to bring the action in his own name, A.R.S. § 12–2043, but he can only bring quo warranto when he, himself, claims the office or franchise in question. *Skinner v. City of Phoenix,* 54 Ariz. 316, 95 P.2d 424 (1939).