584 P.2d 557

**Vera D. DONAGHEY, Appellant,**

v.

**ATTORNEY GENERAL, State of Arizona, Bruce E. Babbitt, Appellee.**

**No. 13802–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 11, 1978.

Rehearing Denied Oct. 11, 1978.

J. Lavell Harper, Casa Grande, for appellant.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen., Roderick G. McDougall, Asst. Atty. Gen., Phoenix, Joyce Geyser, Rule 28(e) Law Student, for appellee.

Town of Superior, amicus curiae by William L. Tifft, Town Atty., Town of Superior, Globe, for amicus.

GORDON, Justice:

In an election held on September 7, 1976, the citizens of Superior, Arizona decided to incorporate their town. It is undisputed that respondent was at that time a duly registered voter in Pinal County and that she was eligible to vote in the incorporation election.

A.R.S. § 16–1101(A) provides that: "Any election called pursuant to the laws of the state shall provide for absentee voting. Any qualified elector who meets the criteria established by this section shall be permitted to vote absentee at such election". A.R.S. § 16–1102 requires that the officer in charge of an election shall provide an absentee ballot to any qualified elector who

requests one within thirty days next preceding the Saturday before any election.

Respondent contends that although she met the criteria for voting absentee and timely requested an absentee ballot, she was advised that no such ballots were available for the incorporation election. As a consequence, she alleges that she was unlawfully denied the opportunity to vote in the election.

In November, 1976, some two months after the incorporation election, respondent instituted an action in the Superior Court of Pinal County to contest its validity. The Town of Superior, a defendant in that suit, moved to dismiss contending that respondent was without standing to contest the incorporation proceeding.

While this motion was under advisement, respondent contacted the Attorney General requesting that he bring an action in quo warranto on her behalf to test the validity of the incorporation election.[1]

In a letter to respondent dated January 7, 1977, the Attorney General refused to initiate the quo warranto action as requested. Since respondent is not a claimant to the office of franchise being challenged, she was not entitled to bring a quo warranto action in her own name under A.R.S. § 12–2043. Consequently, she filed a petition for a writ of mandamus on February 15, 1977, requesting the court to compel the Attorney General to initiate a quo warranto proceeding on her behalf or to show cause why he need not do so. The trial judge dismissed the petition on July 7, 1977, for failure to state a claim upon which relief can be granted.

The Court of Appeals, Division Two, reversed holding that the Attorney General was obligated to bring the quo warranto action and that his duty could be compelled by a writ of mandamus. We accept the Attorney General's petition for review in order to resolve important questions as to the proper method of challenging the validity of an incorporation election.

We have recently affirmed the long established principle that when undisputed facts are presented by a private citizen to the Attorney General which demonstrate as a matter of law that a franchise is being unlawfully exercised, he may be compelled by a writ of mandamus to initiate quo warranto proceedings against the party usurping the office or franchise. *State of Arizona ex. rel. Sawyer v. LaSota, Jr.*, Ariz., 580 P.2d 714 (Filed June 6, 1978); *See also Duffield v. Ashurst*, 12 Ariz. 360, 100 P. 820 (1909); *Buggeln v. Doe*, 8 Ariz. 341, 76 P. 458 (1904). It does not follow, however, nor do any of the opinions intimate, that mandamus will issue in every case where an irregularity in the exercise of an office or franchise is revealed. In order for mandamus to lie, the petitioner must satisfy not only the substantive conditions for compelling a quo warranto action articulated in the opinions cited above, but also all the additional common law prerequisites for the issuance of that writ.

We stated in *Rhodes v. Clark*, 92 Ariz. 31, 34–5, 373 P.2d 348, 350 (1962):

"A writ of mandamus 'is an extraordinary and expeditious legal remedy which proceeds on the assumption that the applicant has an immediate and complete legal right to the thing demanded.' Such a writ will lie only where *two* conditions are present: first the act, performance of which is sought to be compelled, must be 'a ministerial act which the law specially imposes as a duty resulting from an of-

---

1. Upon the verified complaint of any person, the Attorney General is empowered to bring an action in quo warranto against a person who "usurps, intrudes into or unlawfully holds or exercises any public office or any franchise within the state". A.R.S. § 12–2041(A). While the language of the provision appears to limit quo warranto jurisdiction to cases where the right of a *person* to hold office is being challenged, we have held that an action in quo warranto is the procedurally proper mode for challenging a municipal corporation's usurpation of a franchise. *Faulkner v. Board of Supervisors of Gila County*, 17 Ariz. 139, 149 P. 382 (1915). *Pickrell v. Town of Scottsdale*, 99 Ariz. 103, 407 P.2d 72 (1965). *City of Scottsdale v. McDowell Mountain Irrigation and Drainage District*, 107 Ariz. 117, 483 P.2d 532 (1971).

fice,' or if discretionary it must clearly appear 'that the officer has acted arbitrarily and unjustly and in the abuse of discretion,' and second there must exist no other 'plain, speedy and adequate remedy at law.' " (Citations omitted.)

*See also,* A.R.S. § 12–2021. Since we are of the opinion that respondent had at her disposal an expeditious remedy at law prior to filing the petition for writ of mandamus, the trial judge's ruling that the petition failed to state a claim upon which relief can be granted was correct.

A.R.S. § 16–1204 provides that "an elector of a county, city, town or a political subdivision of such county, city or town, may contest * * * a question, proposal, measure or proposition submitted to and voted on by the electors on the same grounds and in the same manner as contests of election to a state office or question, proposal, measure or proposition * * *". A.R.S. § 16–1202 requires that any such contest be commenced within *five days* after completion of the canvass of the election and declaration of the result thereof.

■ It is commonly stated that election contests are purely statutory and dependent upon statutory provisions for their conduct. *Brown v. Superior Court,* 81 Ariz. 236, 303 P.2d 990 (1956); *Fish v. Redeker,* 2 Ariz. App. 602, 411 P.2d 40 (1966). The failure of a contestant to an election to strictly comply with the statutory requirements is fatal to his right to have the election contested. *Dale v. Greater Anchorage Area Borough,* 439 P.2d 790 (Alaska, 1968). We have held particularly that the " 'requirements as to the time within which the contest must be brought are regarded as mandatory, and unless strictly complied with *the court is without jurisdiction to proceed* ' ". (Emphasis in original); *Brown v. Superior Court, supra,* 81 Ariz. at 239, 303 P.2d at 992. Citing 29 C.J.S. Elections § 259.

■ The rationale for requiring strict compliance with the time provisions for initiating a contest is the strong public policy favoring stability and finality of election results. *Dale v. Greater Anchorage Area Borough, supra.* To permit election challenges two years or even two months after the completion of the election canvass could have the intimidating effect of preventing an office holder from fully exercising his independent judgment in the matters of his office. Furthermore, a successful challenge months or years after an election would seriously erode the stability of state and local governments by calling into question the legitimacy of any action taken by an office holder or, as in this case, a corporate entity between the time of the election and the date of the challenge.

■ As the gravamen of appellant's complaint is that the incorporation *election* was improperly conducted, she was required to structure her challenge in conformity with the provisions of A.R.S. § 16–1204, 16–1202. Her failure to avail herself of this remedy, provided by the Legislature, precludes the issuance of mandamus on her behalf.

The opinion of the Court of Appeals, 120 Ariz. 105, 584 P.2d 569 (App.1978) is vacated. The judgment of the Superior Court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.