SUPREME COURT OF ARIZONA

| | |
|---|---|
| WE THE PEOPLE OF THE STATE OF ARIZONA ex rel., B.J.B., J.D.K., T.R.P., B.E.S., E.B.S.JR., S.N.A., R.B.E., J.G.P., L.K.I., R.J.C., F.M.I., S.S., M.M.S., R.P.S., N.L.B., G.W., R.S., C.H.C.II., E.P.R., D.B.S., | Arizona Supreme Court No. CV-21-0114-SA |
| Petitioners, | |
| v. | |
| GOVERNOR DOUG DUCEY, SECRETARY OF STATE KATIE HOBBS, STATE TREASURER KIMBERLY YEE, MARICOPA SHERIFF PAUL PENZONE, PIMA SHERIFF CHRIS NANOS, PHOENIX MAYOR KATE GALLEGO, TUCSON MAYOR REGINA ROMERO, MARICOPA RECORDER STEPHEN RICHER, SUPERINTENDENT OF PUBLIC INSTRUCTION KATHY HOFFMAN, CORPORATIONS COMMISSIONER ANA TOVAR, CORPORATIONS COMMISSIONER LEA MARQUEZ PETERSON, CORPORATIONS COMMISSIONER SANDRA D. KENNEDY, CORPORATIONS COMMISSIONER JUSTIN OLSON, DISTRICT 9 SENATOR VICTORIA STEELE, DISTRICT 10 SENATOR KIRSTEN ENGLE, DISTRICT 25 REPRESENTATIVE RUSSELL BOWERS, DISTRICT 9 REPRESENTATIVE RANDALL FRIESE, DISTRICT 10 REPRESENTATIVE DOMINGO DEGRAZIA, DISTRICT 12 REPRESENTATIVE TRAVIS GRANTHAM | **FILED 05/11/2021** |
| Respondents. | |

**O R D E R**

On May 7, 2021 Petitioners filed a Petition for Review Special Action in Writ of Quo Warranto, Affidavits of Identity & Intention,

Evidence, and a Motion to Seal/Redact Petitioners Names and Personal Information.

Petitioners "We the People" are twenty individuals who bring a "special action in writ of quo warranto" under A.R.S. § 12-2043 against nineteen persons elected to hold municipal, county, and statewide offices in 2018, 2019 (Tucson), and 2020. Petitioners claim that the respondent office holders—"alleged usurpers"—are "in office illegally" and, if not, the respondents should "prove otherwise."

Petitioners do not assert that they have asked the Attorney General to bring the action under A.R.S. § 12-2041, but instead advise that they bring the action because—as one of the respondents— the Attorney General has a conflict of interest. Petitioners do not assert that they ran for the offices they challenge or are otherwise entitled to the office each seeks under A.R.S. § 12-2044, but instead offer that "[a]ny Arizona resident meeting the minimum qualifications is entitled to and has the right to be appointed to a seat in unusual situations" in place of the respondents and that "they are as entitled as anyone else to step in to help in a temporary way" if and when the Court enters a "judgment of usurpation." Petitioners seek to proceed anonymously and ask the Court to seal their personal information including their names, addresses, dates of birth, and telephone numbers, advising they "will come forward more publicly as the filing is reviewed and if brought to hearing."

The Court, en banc, has considered the petition, the motion to seal, and the request "for a full review in 5 days."

A Statement of Contest is authorized under A.R.S. § 16-673 and must be brought within five days after completion of the canvass of the election and declaration of the result thereof by the secretary of state or by the governor. A.R.S. § 16-673(A). "[F]ailure of [an election contestant] to strictly comply with . . . statutory requirements is fatal to his right to have [an] election contested." *Donaghey v. Att'y Gen.*, 120 Ariz. 93, 95 (1978). "The rationale for requiring strict compliance with the time provisions for initiating [an election] contest is the strong public policy favoring stability and finality of election results." *Id.* "Election contests are purely statutory and dependent upon statutory provisions for their conduct." *Fish v. Redeker*, 2 Ariz. App. 602, 605 (1966). Elections will not be held invalid for mere irregularities "unless it [can] be shown that the result has been affected by such irregularity." *Territory v. Board of Sup'rs*, 2 Ariz. 248, 253 (1887). The validity of an election is not voided by honest mistakes or omissions "unless they affect the result, or at least render it uncertain." *Findley v. Sorenson*, 35 Ariz. 265, 269 (1929). "Where an election is contested on the ground of illegal voting, the contestant has the burden of showing that sufficient illegal votes were cast to change the result . . . ." *Morgan v. Board of Sup'rs*, 67 Ariz. 133, 143 (1948).

Petitioners argue that under the Help America Vote Act of 2002

("HAVA"), the challenged elections "were illegally held, per the HAVA law and corresponding state statute [A.R.S. § 16-442(B)], and therefore null and void." They claim that their action under 52 U.S.C. § 21112 "outlines" that their complaints be brought "at the state level and remedy is to begin there." Petitioners also advise that they "are entitled and qualified to sit Pro-Tempore in usurpers seats."

Although our courts have recognized that electors may have an implied private right of action to challenge voting machines' compliance with applicable statutory requirements in certain limited circumstances, *see, e.g., Chavez v. Brewer*, 222 Ariz. 309, 318 ¶ 28 (App. 2009), nothing in the statutes Petitioners cite grants them a private right of action to remove office holders and sit in their stead. In fact, in a quo warranto action, "a claimant to an office may have judgment only on the strength of his own title and not upon any infirmity or weakness in the defendant's title." *Tracy v. Dixon*, 119 Ariz. 165, 166 (1978).

The Court finds no legal basis for the relief requested. The action as articulated is also untimely under A.R.S. § 12-673(A). Therefore,

**IT IS ORDERED** dismissing the petition.

Petitioners also ask that they be allowed to proceed anonymously. A quo warranto proceeding is initiated by verified complaint, A.R.S. §§ 12-2041, 12-2043 and is a statutory special

action under Rule 1(b) of the Rules of Procedure for Special Actions. In seeking a writ from this Court, petitioners must provide their names, addresses and telephone numbers. Ariz. R. Spec. Act. Rules 1 and Rule 7(e).

Petitioners ask the Court to seal the information they submitted in their affidavits. The Court's Open Records Policy is set forth in Arizona Rule of the Supreme Court 123. Rule 123(C) establishes what information and records are confidential. Of the information Petitioners submitted, the Court sees no legal basis to seal the Petitioners' information. Petitioners have until 5:00 p.m. on Monday, May 17, 2021 to file a pleading to support their request. Their affidavits will remain sealed pending further order.

DATED this 11th day of May, 2021.

_____/s/_____
JOHN R. LOPEZ IV
Duty Justice

TO:
Petitioners
nm