## STATE ex DAVIS v PLAPP

Ohio Appeals, 1st Dist, Butler Co

No 730. Decided May 27, 1938

Clinton Egbert, Hamilton, for relator.
Pater & Pater, Hamilton, for respondent.

## OPINION

By HAMILTON, J.

In this action the relator seeks to oust the respondent, Louis Plapp, from office as a member of the Soldiers' Relief Commission, and asks the court to find that he, the relator, be adjudged to be entitled to the office and its franchise.

The contest grows out of three entries made by the judges of the Court of Common Pleas of Butler County, Ohio.

Sec 2930 GC, was enacted and became a law in 1929, and by virtue of that section the judges of the Court of Common Pleas of

Butler County, Ohio, made the following entries:

"In Re: Appointment of a Commission of Soldiers Relief.

ENTRY.

"By virtue of §2930 GC, the judges of the Common Pleas Court, Butler County, Ohio, do hereby appoint George E. Denny, Middletown, Ohio, to serve for a period of one year; John DeCamp, Hamilton, Ohio, to serve for a period of two years, and Clarence Kennedy, Hamilton, Ohio, to serve for a period of three years, or until their successors have been duly appointed and qualified.

Signed, KAUTZ
BOYD

Filed January 3, 1930.
J. 108, page 263."

Following the entry filed January 3, 1930, appears the entry made by the judges of the Court of Common Pleas, of Butler County, Ohio, as of May 3, 1933, which entry is as follows:

"In Re: Appointment of a member of the Soldiers Relief Commission.

ENTRY.

Common Pleas Court
Butler County, Ohio

"A vacancy having occurred on the Soldiers' Relief Commission of Butler County, Ohio, by the expiration of the term of Clarence Kennedy, the court hereby appoints Donald P. Davis to serve as a member of said commission for a period of three years or until his successor shall be appointed.

Clinton D. Boyd,
E. J. Kautz
Judges of the Common Pleas Court."
May 3, 1933.
J. 120 page 155."

On December 31, 1936, the judges of said Court of Common Pleas made the following entry:

"In Re: Appointment of a
Member of the Soldiers' Relief Commission

ENTRY.

Common Pleas Court
Butler County, Ohio.

"The term of appointment of one Donald Davis as a member of the Relief Commission having expired May 3rd, 1936, Common Pleas Court does hereby re-appoint said Donald Davis for a period of three years from the 3rd day of May, 1936.

Clinton D. Boyd
E. J. Kautz.

Filed Dec. 31, 1936.
J. 133 page 564."

Later, on April 23, 1937, the personnel of the court in the interim having changed, the judges then in office made the following entry:

"In Re: Appointment of a
Member of the Soldiers'
Relief Commission of
Butler County, Ohio.

State of Ohio.
Butler County.

ENTRY.

"Pursuant to §2930 GC the judges of the Common Pleas Court, of Butler County, Ohio, do hereby appoint Louis Plapp as a member of the Soldiers' Relief Commission of Butler County, Ohio, to serve for a period beginning this date and ending on the first Monday in April, 1939 and until his successor has been duly appointed and qualified.

P. P. Boli
M. O. Burns
Judges of the Common
Pleas Court, Butler
County, Ohio.

Filed April 23, 1937.
J. 135, page 57."

Sec 2930, GC, is as follows:

"There shall be a commission known and designated as 'The Soldiers' Relief Commission,' in each county, composed of three persons, residents of the county, each of whom shall serve for three years, and wherever possible one member of said commission shall be a wife or widow or son or daughter of an honorably discharged soldier, sailor or marine of the Civil War or the Spanish-American War or of the World War. Two of the persons so appointed shall be honorably discharged soldiers, sailors or marines of the United one of whom, wherever possible, shall be a member of the United Spanish War Veterans and the other shall be a member of the American Legion. On or before the first Monday in April of each year, a judge of the Court of Common Pleas in such county shall appoint one commissioner for such term."

By this section, it will be seen that the terms are fixed at three years beginning April 1st of each year, and by virtue of §8, GC, the members hold over until their successors are duly appointed and qualified.

It thus appears, that acting under the statute, the judges appointed one Clarence Kennedy to serve for a period █ of three years from April 1st, 1930, whose term of office would expire April 1st, 1933. It appears that the judges did not appoint his successor prior to April 1st, but did appoint the relator, Donald Davis, to serve as stated in the entry "as a member of said commission for a period of three years or until his successor shall be appointed." The fact that the entry states a period of three years must be considered in the light of the statute, which would make the term end April 1, 1933, instead of May 3rd, 1933. The court could not change the term fixed by the statute. This appointment of Donald Davis on May 3rd, 1933, would necessarily be for the remainder of the term ending April 1st, 1936. However, under the statute he would hold over until his successor was appointed and qualified. There was no appointment in 1936 until December 31st, 1936, when the appointment of Donald Davis was made by the judges of the Court of Common Pleas, reciting that appointment was made for three years from the 3rd of May, 1936. This recital in the entry could not, as above stated, change the term fixed by the statute, since on December 31st, 1936, when the appointment was made, Davis was a hold-over until his successor was appointed and qualified. The judges were empowered to make the appointment for the three year term ending April 1st, 1939, and by this entry they made such appointment. The recital of the term in the entry could not change the term or invalidate the appointment since the entry must be considered in the light of the statute.

It, therefore, follows that at the time of the entry of April 23rd, 1937, there was no vacancy and the appointment of Plapp by the judges would be without authority under the section and must be considered a nullity.

The relator raised the question of the qualification of the respondent, Plapp, stating that he was not a member of the Legion or any other military organization, and, therefore, was not qualified under the statute. We do not consider this important in determining the question here, as this action is brought under the statute authorizing the claimant to an office to secure the same and oust the incumbent, by showing a prior and better right to the office. The proceeding to oust Plapp as not being a qualified officer could █ not be maintained in an action of this kind. It was, therefore, incumbent upon the relator to show a prior and better right to the office, which, as we have shown above, he possesses.

The writ will be granted as prayed for in the petition.

ROSS, PJ, and MATTHEWS, J, concur.