311 P.2d 964

**A. M. EGGERTH, Appellant,**

**v.**

**Arth R. FORSELIUS and Merriel A. Forselius, his wife, Appellees.**

**No. 6196.**

Supreme Court of Arizona.

May 21, 1957.

Marks & Marks, Phoenix, for appellant.

W. J. Richmond and Emmett R. Feighner, Phoenix, for appellees.

WINDES, Justice.

Appellees, Arth R. Forselius and Merriel A. Forselius, hereinafter designated plaintiffs, filed a complaint against A. M. Eggerth, hereinafter designated defendant, alleging in substance that plaintiffs and defendant entered into a contract in August, 1952, wherein plaintiffs agreed to purchase and defendant agreed to sell certain real property for the price of $17,000; that the building thereon was not completed; and that in said purchase and sale agreement defendant agreed to complete such construction. The complaint also charged that defendant violated his agreement to finish construction of the building and sought damages. It was further alleged that defendant was a contractor and build-

er. Defendant by answer admitted the contract of sale, the contract price, the existence of the partially-constructed building, that defendant was a contractor and builder, and denied any breach of the contract. Defendant likewise filed a counterclaim stating that he was a duly licensed contractor; that he contracted with plaintiffs to do certain work (which amounted to completion of the building); that there had been retained by the Phoenix Title and Trust Company as escrow holder the sum of $1,000, which was a part of the purchase price and which was to be paid defendant when the work was completed; and that defendant completed the work as agreed but plaintiffs refused to instruct the escrow holder to pay defendant the money. The counterclaim further stated that defendant had filed a mechanic's lien and prayed judgment against plaintiffs for the $1,000 and foreclosure of the lien. Thereafter, plaintiffs filed motion for summary judgment upon the counterclaim, supported by affidavit to the effect that defendant was not a licensed contractor at the time the contract was made and the obligation arose. On June 9, 1955, the court granted the motion for summary judgment. On June 10th, defendant moved for leave to file an amended answer and counterclaim. On June 14th, the court granted request to file the amended answer and denied leave to file the amended counterclaim.

The amended answer eliminated the allegation of filing a mechanic's lien and pleads the following letter dated January 21, 1953:

"Mr. A. M. Eggerth
1776 Mitchel Drive
Phoenix, Arizona

"Dear Mr. Eggerth:

"The inside of the house at 1711 West Whitton is perfectly acceptable to me as it stands at this date if you will finish the kitchen doors, lay tile floor in kitchen & laundry, and touch up paint where needed—Mr. Eggerth shall be the sole judge of where paint is needed.

"The exterior of the house shall receive two coats of white paint on woodwork and sash. Sidewalks will be built to front door and around to back doors. The carport shall be erected as follows—A 20' × 24' slab with storage wall along west side—roof as on carport at 1715 West Whitton.

"Yours very truly,
"/s/ Arth R. Forselius"

The amended answer further states that the $1,000 mentioned in the first answer was left with the escrow holder pending completion of the work mentioned in the letter; that defendant had completed the work in accordance with it; and prayed that plaintiff take nothing and for judgment in defendant's favor for the $1,000. The amend-

ed counterclaim which the court denied the right to file merely alleged the sale, the purchase price of $17,000, the payment of $16,000, a balance due of $1,000; and prayed for judgment accordingly.

On June 15, after allowing the filing of the amended answer and denying the filing of the amended counterclaim, the court rendered judgment against defendant on the original counterclaim. On the issues thus presented the case went to trial before a jury resulting in a verdict in plaintiffs' favor in the sum of $850.

The record presented reflects a perplexing masterpiece of confusion. It shows complaint for breach of contract for the sale of real estate, an answer denying the breach and counterclaiming for foreclosure of a mechanic's lien for $1,000 balance of the purchase price retained by the escrow holder as security for the completion of work on an incomplete dwelling as agreed to by the parties, an order granting a motion to dismiss the counterclaim and before judgment thereon, the granting leave to file an amended answer claiming affirmative judgment in favor of the defendant for the $1,000 as balance due on the purchase price and denying permission to file an amended counterclaim for the same relief sought in the answer.

We think the amended answer setting forth the claim for affirmative relief is in legal effect both an answer and counterclaim joined in one pleading. We have held that an answer may also contain a counterclaim but the effect thereof was that no reply thereto was required since the rule only requires a reply to a counterclaim designated as such. 16 A.R.S. Rules of Civil Procedure, Rule 7(a); Brandt v. Brandt, 67 Ariz. 42, 190 P.2d 497. This is in harmony with the construction of our new rules of procedure that the "name of a pleading is of little consequence; its allegations will determine its character." 1 Barron & Holtzoff, Federal Practice and Procedure, section 283; Busy Bee Buffet v. Ferrell, Ariz., 310 P.2d 817.[1] Whatever the effect of the judgment on defendant's first counterclaim wherein foreclosure of a lien was sought, it did not have the effect of preventing defendant from recovering the $1,000 claimed in the answer which the court allowed to be filed. We will, therefore, test the validity of the final judgment presented by this appeal as one tried upon the issues created by the complaint and amended answer thereto and by a counterclaim for $1,000.

The record shows without contradiction the contract of sale for the consideration of $17,000 dated August 26, 1952. The seller agreed to complete an unfinished dwelling on the property. This contract contains no detailed specifications as to what work was to be done. On October

1. 82 Ariz. 192.

9, 1952, an escrow was set up which recited a consideration of $18,500, $1,500 of which was to be paid direct to the seller and with which the escrow agent was not to be concerned. On this same date the parties signed a memorandum setting forth in more detail what was required to be done to complete the house wherein plaintiffs agreed to furnish certain items of personal property which defendant agreed to install, for which installation plaintiffs were to pay defendant up to $600. Defendant agreed to complete the house in 35 days. Plaintiff Arth R. Forselius testified the cost of these additional items of personal property was approximately $900 and he had paid defendant in excess of $600 for installation. This is plaintiff's explanation of the $1,500 additional consideration mentioned in the escrow agreement. Defendant is making no claim to any portion of this additional $1,500. On January 21, 1953, the house still was not ready for occupancy and the parties were in disagreement as to what was necessary to be done in compliance with their agreement. The defendant to this date had refused to sign the deed in escrow. There was then a deal consummated between plaintiffs and defendant wherein defendant executed the deed and authorized its delivery to the plaintiffs and the plaintiffs delivered to the defendant the letter heretofore set forth wherein plaintiffs declared that the house was acceptable with the exceptions set forth therein. At this time there was $1,000 held by the escrow agent as the balance due on the purchase price. While the evidence is confusing as to the reason for the retention of this $1,000, from the statements of the parties in the pleadings it was not to be paid to defendant until he had complied with the provisions of the letter.

From the foregoing it is our view that the only issue to be tried was whether the defendant complied with the provisions of the letter and if not, to what extent plaintiffs were damaged. There is no request in this court for a new trial, nor assignments of error concerning the admission of testimony, the instruction of the court on the measure of damages, or the correctness of the amount of damages. The main error relied upon is that the matter was submitted to the jury in such manner that it could not consider defendant's right to the $1,000 or any portion thereof. Defendant submitted instructions to the effect that if the jury found defendant had complied with the provisions of the letter, it should render a verdict for the defendant in the sum of $1,000; and that if it found defendant had not complied with such provisions and the damages resulting therefrom were less than $1,000, a verdict should be returned in defendant's favor for the difference between the damages found and the $1,000. These requested instructions were refused and none given which authorized the jury to be influenced by the $1,000 item. As submitted, the verdict and judgment must be taken as

one which would fully compensate plaintiffs for all damages resulting from defendant's breach of the contract. Upon being paid this amount plaintiffs in legal effect would get what they contracted for and must pay what they agreed to pay for the property. They have not paid $1,000 of the purchase price and the legal result is that defendant is entitled to a credit of $1,000 to be applied upon the payment of the judgment and is entitled to judgment against plaintiffs for any excess.

Reversed with instructions to the trial court to render judgment accordingly.

UDALL, C. J., and PHELPS, STRUCKMEYER, and LA PRADE, JJ., concurring.