579 P.2d 1388

Richard T. TRACY, Sr., Judge of the City Court, Phoenix, Arizona, Appellant,

v.

William P. DIXON, Richard A. Garcia, Ralph G. Smith, Jr., John Wentz, City Manager, and Margaret P. Hance, Mayor, William Donahue, Joy W. Carter, Calvin C. Goode, Rosendo Gutierrez, Kenneth O'Dell, Amy T. Worthen, as Members of the City Council of the City of Phoenix, a municipal corporation, Appellees.

No. 13195.

Supreme Court of Arizona, In Division.

May 23, 1978.

Richard T. Tracy, Sr., in pro per.

Andy Baumert, City Atty., by Ben P. Marshall, Asst. City Atty., Phoenix, for appellees.

STRUCKMEYER, Vice Chief Justice.

This is an appeal from the judgment dismissing a special action in the Superior Court of Maricopa County, Arizona. We accepted jurisdiction pursuant to Rule 47(e), Rules of the Supreme Court. Affirmed.

On February 14, 1972, the appellant, Richard T. Tracy, Sr., was appointed to a four-year term as a Judge of the City Court of the City of Phoenix. On February 14, 1976, his term of office expired by the passage of time. Appellant brought suit in the Superior Court of Maricopa County, alleging appellees William P. Dixon and Richard A. Garcia on April 6, 1976, under color of void and illegal appointments, unlawfully usurped his office. Appellant assigns numerous reasons why Dixon and Garcia are usurping his office of City Court Judge, but we think the Superior Court did not err, because quo warranto can only be maintained by a private person when he can show that he is entitled to the office. This, appellant cannot do.

By A.R.S. § 12–2042, an action may be brought in the Superior Court by the county attorney against any person who usurps, intrudes into or unlawfully holds any public office within his county. By § 12–2043, if the county attorney refuses to bring such an action at the request of any person claiming such office, the person may apply to the Superior Court for leave to bring the action in his own name. The county attorney refused to bring an action to test appellant's right to the office and the Superior Court granted appellant leave to bring the action in his own name. After a hearing, the court ordered the action dismissed.

In *State of Arizona ex rel. Sullivan v. Moore,* 49 Ariz. 51, 64 P.2d 809 (1937), under a companion statute to § 12–2042 by which the Attorney General may bring an action

in the Supreme Court, we said that the purpose of the action by the Attorney General is to protect the public interest by preventing one who is not entitled to an office from exercising it, and not to establish the private right of some citizen who is legally entitled to the office. We also said:

"It may be commenced by the Attorney General on his own information or upon the verified complaint of any person. And in such an action the judgment to be rendered is that the defendant be excluded from the office, nothing being said about the rights of any claimant thereto. Section 4407 [now A.R.S. § 12–2043], however, contemplates a very different proceeding. It is not based on the protection of a public interest primarily, but on private rights, and in such an action there must be some person claiming the office or franchise which is being unlawfully held. * * * The complaint must show the one who is entitled to the office, and the judgment, instead of being one merely excluding the unlawful holder, in addition adjudges who is entitled to the office * * *." Id. at 57, 64 P.2d at 812.

Since appellant's term of four years expired on February 14, 1976, he cannot show that he is entitled to the office.

█ Appellant incorporated in his complaint in the court below a second and third claim for relief. In these claims, he attacked various aspects of appellees' appointments to the City Court. The rule of law is well established, however, that a claimant to an office may have judgment only on the strength of his own title and not upon any infirmity or weakness in the defendant's title. La Polla v. Board of Chosen Freeholders, 71 N.J.Super. 264, 176 A.2d 821 (1961); Ebright v. Buck, 326 Mich. 208, 40 N.W.2d 122 (1949); State ex rel. Maffett v. Turnbull, 212 Minn. 382, 3 N.W.2d 674 (1942); Black v. Cummings, 62 R.I. 361, 5 A.2d 858 (1939); State ex rel. Davis v. Plapp, 61 Ohio App. 76, 22 N.E.2d 456 (1938); State ex rel. Stain v. Christensen, 84 Utah 185, 35 P.2d 775 (1934).

As an example of the various holdings supporting the foregoing principle, in State ex rel. Maffett v. Turnbull, supra, the court held:

"Relator cannot help his case by an attack on respondent's title to the office. Relator can maintain the present proceeding only if he is entitled to the office; otherwise the matter is no concern of his, but of the Attorney General as the official to whom the right of instituting quo warranto is confided as the representative of the public." 3 N.W.2d at 677.

And in State ex rel. Stain v. Christensen, supra, the court said:

"One who seeks the aid of a court to be inducted into an office must show a present right. If the showing be that one has been entitled to the possession of an office but that such right has ceased to exist, a court may not properly lend its aid to place such a person in office." 35 P.2d at 782.

The judgment of the Superior Court is affirmed.

HOLOHAN and GORDON, JJ., concur.