580 P.2d 714

**STATE of Arizona ex rel. Ed SAWYER, A. V. Hardt, and Alfredo Gutierrez, Petitioners,**

v.

**John A. LaSOTA, Jr., Respondent.**

No. 13778.

Supreme Court of Arizona, In Banc.

June 6, 1978.

Mangum, Wall, Stoops & Warden by Daniel J. Stoops, Flagstaff, for petitioners.

John A. LaSota, Jr., Atty. Gen., Phoenix by Donald N. Zillman, Special Asst. Atty. Gen., for respondent.

STRUCKMEYER, Vice Chief Justice.

This petition for writ of quo warranto was commenced as an original action in this Court by Ed Sawyer, a Member and President of the Arizona State Senate, Alfredo Gutierrez, Member and Majority Leader of the Arizona State Senate, and A. V. Hardt, Member and Chairman of the Appropriations Committee of the Arizona State Senate, against John A. LaSota, Jr. as Attorney General. Prayer for relief denied and Petition ordered dismissed.

Petitioners allege that they are citizens and taxpayers of the State and have the responsibility to ensure that appropriate laws are enacted and enforced and that expenditures are effectively and properly made without waste in all matters relating to the government of the State of Arizona. They further allege that the respondent, John A. LaSota, Jr., was named by appointment as Attorney General and presently holds the office; that he is not qualified to hold the office in that by statute A.R.S. § 41–191, "[t]he attorney general shall have been for not less than five years immediately preceding the date of taking office a practicing attorney before the supreme court of the state." They allege that respondent LaSota had not been before taking office a practicing attorney for five years before the Supreme Court of the State, in that during the years 1973 and 1974 respondent was employed at the Arizona State University School of Law and during those years he continued his membership in the Arizona State Bar Association on a retired status and, as a retired lawyer, could not practice law or hold himself out as eligible to do so.

Petitioners requested respondent to bring a quo warranto proceeding pursuant to A.R.S. § 12–2041, but respondent declined to bring such quo warranto action as requested. We accepted jurisdiction for the reasons stated in *State ex. rel. De Concini v. Sullivan:*

"The public business demands a prompt judicial inquiry and a final determination of the actions of the respondent in allegedly unlawfully usurping, holding, and exercising so vital an office as that of Attorney General." 66 Ariz. 348, 353, 188 P.2d 592, 595 (1948).

By Art. 6, § 5, ¶ 1, of the Constitution of Arizona, the Supreme Court has "original jurisdiction of habeas corpus, and quo warranto, mandamus, injunction and other extraordinary writs to state officers." While the quoted language of Art. 6, § 5 is derived from the constitutional amendment adopted at the general election held November 8, 1960, from statehood this Court has had original jurisdiction in quo warranto and mandamus "as to all state officers." Art. 6, § 4, Constitution of Arizona, approved February 9, 1911. Accordingly, we construe the grant in Art. 6, § 5, ¶ 1, as meaning the power to issue extraordinary writs as under the common law of England.

In *People v. Wood,* 411 Ill. 514, 104 N.E.2d 800 (1952), the Supreme Court of Illinois considered extensively the ancient common law right of quo warranto. It was pointed out that this was purely a civil writ, issued against one who claimed or usurped any office or franchise, to inquire by what authority he asserted such right. The writ

became obsolete at an early date and was supplanted by what became known as an information in the nature of quo warranto. This was a criminal prosecution instituted by the attorney general to oust a usurper of an office or franchise. The court said:

"The information, as any other criminal action, was under the exclusive and arbitrary control of the Attorney General. His discretion could not be coerced and leave of court to file the information was not required. A private citizen could no more prosecute such a proceeding than he could prosecute in his own name for any other crime." 104 N.E.2d at 803.

Arizona follows closely the common law. By A.R.S. § 12–2041:

"A. An action may be brought in the supreme court by the attorney general in the name of the state upon his relation, upon his own information or upon the verified complaint of any person, in cases where the supreme court has jurisdiction, or otherwise in the superior court of the county which has jurisdiction, against any person who usurps, intrudes into or unlawfully holds or exercises any public office or any franchise within this state.

B. The attorney general shall bring the action when he has reason to believe that any such office or franchise is being usurped, intruded into or unlawfully held or exercised."

By A.R.S. § 12–2043, however, any person claiming an office may bring an action:

"A. If the attorney general * * * refuses to bring an action as provided for in §§ 12–2041 and 12–2042, upon information or at the request of any person claiming such office or franchise, the person may apply to the court for leave to bring the action in his own name and may so bring it if leave therefor is granted."

The foregoing statutes do not restrict the common law right of quo warrant. They are simply cumulative thereto in that a private person, claimant of an office, may bring the action, thereby ameliorating the strictness of the common law rule.

"By the express provisions of the statute a private party can only bring *quo warranto* when he, himself, claims the office or franchise in question. This plaintiff does not do." *Skinner v. City of Phoenix,* 54 Ariz. 316, 323, 95 P.2d 424, 427 (1939).

And see *Tracy v. Dixon et al.,* 119 Ariz. 165, 579 P.2d 1388 (filed May 23, 1978). Petitioners in the present case are not, of course, claimants to the Office of Attorney General.

It is urged, however, that we have expressly held that a nonclaimant could bring an action challenging the legality of the holding of the Office of Attorney General, citing *State ex rel. De Concini v. Sullivan,* supra. We do not so read that case. There, the elected Attorney General of the State was John L. Sullivan. He was convicted of the crime of conspiring to violate the gambling laws of the State. Under a statute which provided that an office was deemed vacant when the incumbent was convicted of a felony or of any offense involving a violation of his official duties, the Governor appointed Evo De Concini to the office and he qualified by filing the oath and bond required by law. Palpably, when Sullivan refused to surrender the office, De Concini was a claimant within the meaning of A.R.S. § 12–2043, supra.

While we hold that petitioners may not maintain this action as one in quo warranto, the Attorney General, like any other public officer, may not arbitrarily refuse to discharge the duties of his office. An original petition addressed to this Court will be given effect irrespective of its name. *Buell v. Superior Court of Maricopa County,* 96 Ariz. 62, 391 P.2d 919 (1964). And see *Eggerth v. Forselius,* 82 Ariz. 256, 311 P.2d 964 (1957). Consequently, we examine the petition to determine if, as an application for a writ of mandamus, the Attorney General could be compelled to bring an action in which the dispute can be resolved. While mandamus is not available as a remedy to try to title to an office, the holder may be compelled by mandamus to perform the duties of his office.

In 1904, in *Buggeln v. Doe,* 8 Ariz. 341, 76 P. 458, under a Territorial statute similar in effect to A.R.S. § 12–2041, it was held:

"We think the statute authorizing an action in the nature of *quo warranto* does not make it mandatory upon the district attorney to institute such action, unless he has reason to believe that an office or franchise is being usurped, intruded into, or unlawfully held or exercised. It is, however, his duty to bring such proceedings when facts are laid before him from which he can reasonably conclude that such franchise is being usurped. If, on such showing, he fails to institute such proceedings, his action can be reviewed upon an application for *mandamus;* * * * *."

This was followed by *Duffield v. Ashurst,* 12 Ariz. 360, 364, 100 P. 820, 822 (1909), in which the Court said:

"We have already had occasion to hold, in applying this statute, that, where the facts presented to the district attorney show as a matter of law that a franchise is unlawfully being exercised and are not in dispute, the refusal by the district attorney to institute the *quo warranto* proceedings is a violation of his duty, and that we may compel him to perform that duty by our writ of mandate."

We therefore examine the facts of this case to determine whether as a matter of law respondent has usurped the Office of Attorney General. We have concluded that he has not.

By the Constitution of Arizona, Art. 5, § 1, the Executive Department shall consist of the Governor, the Secretary of State, State Treasurer, Attorney General and Superintendent of Public Instruction. Section 2 of Art. 5 sets forth the eligibility to State offices in this language:

"No person shall be eligible to any of the offices mentioned in Section 1 of this article except a * * * person of the age of not less than twenty-five years, who shall have been for ten years next preceding his election a citizen of the United States, and for five years next preceding his election a citizen of Arizona."

No other conditions to holding of the Executive Department offices can be found, and no others may be imposed by the Legislature.

In a continuous line of cases commencing over 60 years ago, it has been held that the Legislature has no power to add new or different qualifications for a public office other than those specified in the Constitution. In *Campbell v. Hunt,* 18 Ariz. 442, 453, 162 P. 882, 886 (1917), we held:

"The qualifications for Governor are specifically detailed in the Constitution, and the Legislature is therefore powerless to add to or detract from the qualifications prescribed. No citation of authority is necessary here."

And in *Whitney v. Bolin,* 85 Ariz. 44, 47, 330 P.2d 1003, 1005 (1958), we said:

"It is our opinion that the constitutional specifications are exclusive and the legislature has no power to add new or different ones. The qualifications fixed in the Constitution are not exclusive for the reason that if it were not intended by the framers thereof to fix all the qualifications, then it must have been intended to fix only a part and leave it to the legislature to fix others. Such a view is inconsistent with accepted constitutional construction that the enumeration of certain specified things in a constitution will usually be construed to exclude all other things not so enumerated. Positive directions in a constitution contain an implication against anything contrary to them. Indeed, were the framers to intend otherwise, they would have created the office with directions that the legislature could or should fix other qualifications."

We conclude that A.R.S. § 41–191, providing that the Attorney General shall be a practicing attorney before the Supreme Court of Arizona for five years immediately preceding the date of taking office is an additional qualification not required by the Constitution and is of no force or effect. As a matter of law, petitioners do not state sufficient facts upon which the Court can grant any relief.

It is ordered that petitioners' prayer for relief is denied and the petition is ordered dismissed.

CAMERON, C. J., and HAYS, HOLO-HAN and GORDON, JJ., concur.