638 P.2d 1355

**Daniel CAMPBELL and Washington Elementary School District No. 6 of Maricopa County, Plaintiffs-Appellees,**

**v.**

**Richard L. HARRIS, Superintendent, Maricopa County Schools, Defendant-Appellant.**

No. 1 CA–CIV 5103.

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 24, 1981.

Rehearing Denied Dec. 11, 1981.

Review Denied Jan. 12, 1982.

110

Jean Reed Roberts, Scottsdale, for appellee Daniel Campbell.

Streich, Lang, Weeks & Cardon by William S. Hawgood, II, Lawrence Allen Katz, Phoenix, for appellee Washington Elementary School Dist. No. 6 of Maricopa County.

Tom Collins, Maricopa County Atty. by John R. Mayfield, Deputy County Atty., Phoenix, for appellant.

## OPINION

EUBANK, Judge.

This is an appeal from a special action initiated in the Superior Court of Maricopa County. On stipulated facts, the trial judge granted the relief requested in the petition and defendant-appellant appealed. The facts, insofar as they are necessary for our determination, are as follows:

Daniel Campbell was a twice elected member of the Board of Trustees for the Washington Elementary School District No. 6 of Maricopa County (hereinafter the District). At the time of his election, he was a resident of the District and duly authorized to hold his position. Due to a series of events which are unnecessary to relate here Mr. Campbell relinquished his formal residence within the District, though he remained a resident of the state.

Upon learning of Mr. Campbell's lack of District residence, the superintendent of Maricopa County Schools, Mr. Richard Harris, determined that Mr. Campbell had vacated his position on the District's Board of Trustees under A.R.S. § 38–291(5).[1] Mr.

1. A.R.S. § 38–291(5) reads as follows:

   An office shall be deemed vacant from and after the occurrence of any of the following events before the expiration of a term of office:

   \* \* \* \* \* \*

   5. If the office is elective, ceasing to be a resident of the state, or, if the office is local, or from a legislative or congressional district, ceasing to be a resident of the district, coun-

Campbell contested this determination, but Mr. Harris informed him that he was going to fill the vacancy by appointment pursuant to former A.R.S. § 11–512(A)(7) (currently codified at A.R.S. § 15–142 (Supp.1980)). To prevent this appointment, both Mr. Campbell and the Board of Trustees retained separate counsel and initiated this special action in the nature of prohibition.

Mr. Harris has never made the threatened appointment, preferring instead to await the outcome of this action. While the appeal has been pending, Mr. Campbell's elected term has expired and the appointment is no longer in controversy. We do not decide whether Mr. Campbell was entitled to his seat on the Board, since that question is now effectively moot. However, if "a case raises questions which should be decided for the guidance of public officers in the future administration of law, it will not be dismissed as moot, but will be determined upon its merits." *Corbin v. Rogers*, 53 Ariz. 35, 39, 85 P.2d 59, 61 (1938). Therefore, we do address the procedural issues raised by the parties herein: whether prohibition was an appropriate remedy in the first instance, and whether the Board of Trustees should have been allowed to remain as a party plaintiff over a timely motion to dismiss it. The parties frame this latter issue as a question of standing: whether the Board had an interest in the outcome of this litigation. The trial judge ruled that the Board did have standing, and allowed it to proceed.

For the reasons set forth in this opinion, we reverse this standing ruling. Since our determination does not affect the status of any party, however, the result reached in the court below must be affirmed. We must, however, remand the case for modification of the judgment, striking the District as a party plaintiff. We affirm Campbell's right to his office for the term which has now expired.

When a vacancy in office has been wrongfully declared under A.R.S. § 38–291

and an appointment made to fill the vacancy, the appropriate remedy for the incumbent is an action in quo warranto. A.R.S. § 12–2041 et seq. *See State ex rel. Sawyer v. LaSota*, 119 Ariz. 253, 580 P.2d 714 (1978); *Tracy v. Dixon*, 119 Ariz. 165, 579 P.2d 1388 (1978); *State ex rel. De Concini v. Sullivan*, 66 Ariz. 348, 188 P.2d 592 (1948); *McCluskey v. Hunter*, 33 Ariz. 513, 266 P. 18 (1928). The nature of this right was clearly defined in the early case of *State ex rel. Hess v. Boehringer*, 16 Ariz. 48, 141 P. 126 (1914), wherein the court stated:

> Such right is granted a party by the statute. The evident purpose of the statute is to permit the person, who has suffered a special injury by reason of the usurpation of, or intrusion into the office, to recover the rights personal to him and not suffered by the public. If he has been deprived of an office rightfully belonging to him, the public generally has suffered a wrong thereby, and he who is deprived of the office has suffered a wrong done especially to him individually and independently from the public wrong, and the law furnishes such person with this remedy for a redress of his personal wrong suffered.

*Id.* at 52, 141 P. at 127.

As indicated, the right to maintain a quo warranto action is personal to the party claiming the office. The claimant is the only person who can prosecute the action in his own name. *State ex rel. Sawyer v. LaSota, supra; Skinner v. Phoenix*, 54 Ariz. 316, 95 P.2d 424 (1939).

In the instant case, the plaintiff Campbell did not wait to seek relief in quo warranto. Rather, he sought to prevent the threatened appointment altogether by requesting special action relief in the nature of prohibition. Because Mr. Campbell was entitled to his day in court on the issue of vacancy, *McCluskey v. Hunter*, 33 Ariz. 513, 523, 266 P. 18, 22 (1928), we hold that prohibition was a proper procedure under

---

ty, city, town or precinct for which he was elected, or within which the duties of his

office are required to be discharged.

the facts in this case to test the authority of the county school superintendent to declare the office vacant and threaten to make an appointment to fill the vacancy.

Regarding the plaintiff school district, however, different considerations are involved. The District retained private counsel and paid the attorneys' fees out of public monies for the sole purpose of protecting Campbell's personal right to office. The appellant argues that this was an improper expenditure of public funds, and we agree.

School boards have only the authority granted by statute, and such authority must be exercised in a manner permitted by statute. *School District No. 69 of Maricopa County v. Altherr*, 10 Ariz.App. 333, 338, 458 P.2d 537, 542 (1969). We have been cited no clear authority that would allow the District to maintain the instant action, and we can find none. Appellees rely on A.R.S. § 15–435,[2] which allows the District to sue and be sued in the District name, and A.R.S. § 15–438,[3] which allows the District to retain private counsel when the board deems it advisable, but these provisions do not speak to the issue at hand. In order for the District to sue, they must assert a right conferred upon them by statute.

Appellees also rely on A.R.S. § 15–437, which permits expenditure of funds for the "contingent expenses of the district." But again, the expenses must be contingent to action by the district expressly authorized in the statute. A.R.S. § 15–442, which lists in detail the general powers and duties of the Board, is the provision in point, and it nowhere authorizes the Board to sue and expend funds to protect the personal rights of its members.

To avoid this problem, appellees suggest that the District is suing to maintain its integrity as a district. In this regard, they cite cases where schools sued to compel payment of debts duly incurred by the board. *See Barry v. Phoenix Union High School*, 67 Ariz. 384, 197 P.2d 533 (1948); *Board of Regents v. Frohmiller*, 69 Ariz. 50, 208 P.2d 833 (1949). These cases, however, are not on point. If the board is empowered to act, there is no question but that it may sue to enforce its statutory rights. But here there is no right, except Campbell's personal right to office. Since the District is not seeking to vindicate its statutory rights, it has no interest in the litigation and, therefore, has no standing to maintain this action. The trial court erred in not granting appellant's motion to dismiss the District as a party plaintiff.

**2.** A. A school district shall in the district name, as specified in subsection B of § 15–401:

    1. Sue and be sued.

    2. Hold and convey property for the use and benefit of the district.

    B. The functions set forth in subsection A shall be performed by the trustees.

**3.** A. The board of trustees may employ professional personnel deemed necessary for making surveys and recommendations relating to the curricula, physical plant and other requirements of the district.

    B. The board may employ an attorney to represent the district if the county attorney consents. The purpose for which an attorney is hired shall be set forth in writing by the board.

    C. The board of trustees may employ legal counsel without the consent of the county attorney, when, in their discretion, they deem it advisable.

    D. Compensation for legal counsel under subsections B and C is payable from district funds.

    E. If an attorney is employed without the consent of the county attorney, the county attorney shall not have the duty to represent the district with regard to any matter for which such attorney was employed and shall not be responsible to the district for any exercise of, or failure to exercise, professional judgment by such attorney in his representation of the district.

    F. The county attorney is not required to assume the duty to represent the district on a matter for which an attorney was employed without consent.

    G. An attorney employed pursuant to subsection B shall represent the school district with powers and duties otherwise performed by the county attorney, pursuant to § 11–532, subsection A, paragraph 10.

    H. The provisions of subsections B and C are in addition to, and not in limitation of, any other powers held by the board.

Because we hold that the issue of Campbell's vacancy is now moot, *i.e.*, concerning an issue that is no longer in existence since the term has expired, we do not review the trial court's factual determination in this regard. *Chambers v. United Farm Workers Organizing Committee*, 25 Ariz.App. 104, 106, 541 P.2d 567, 569 (1975). Having examined the record, we find no abuse of discretion on the part of the trial judge and therefore affirm the result reached below. The case is remanded for entry of judgment in accordance with this opinion.

WREN, C. J., and O'CONNOR, J., concur.