699 P.2d 1296

Buchannon CROUCH, Jr., aka Buck Crouch, a qualified elector of the City of Tucson, Petitioner/Appellant,

v.

CITY OF TUCSON, a municipal corporation of the State of Arizona; Lewis C. Murphy, Mayor of the City of Tucson; Rodolfo C. Bejarano, Brent L. Davis, Charles Ford, Roy B. Laos, George Miller and Tom Volgy, Councilmen of the City of Tucson, Respondents/Appellees,

and

The Mountain States Telephone and Telegraph Company, a Colorado corporation, Defendant in Intervention/Appellee.

No. 2 CA–CIV 4954.

Court of Appeals of Arizona, Division 2.

Nov. 23, 1984.

Gaila Davis, Tucson, for petitioner/appellant.

Frederick S. Dean, City Atty. by Brad Detrick, Tucson, for respondents/appellees.

Fennemore, Craig, Von Ammon, Udall & Powers by Calvin H. Udall and Nancy L. Rowen, Phoenix, for defendant in intervention/appellee.

## OPINION

HATHAWAY, Judge.

Appellant filed a petition for statutory special action asserting that the City of Tucson has allowed a franchise to exist, "de facto or otherwise," in favor of Mountain States Telephone and Telegraph Company without submitting the franchise to the electorate of the City of Tucson,[1] and requested a writ of mandamus requiring the city to submit the franchise to the electorate of the city at the next general election for their approval or disapproval. The city answered and the telephone company intervened and filed a motion to dismiss which was granted. This appeal followed.

Appellant alleged he was a qualified voter residing within the City of Tucson, a municipal corporation chartered pursuant to the Arizona Constitution and statutes. He claims no particular status in relation to the alleged franchise nor does he allege that he is affected more than the citizenry at large. Appellees challenged the procedure used by appellant and contend that quo warranto is the exclusive remedy to

---

1. The Arizona Constitution, Art. 13, § 4, provides:

   "No municipal corporation shall ever grant, extend, or renew a franchise without the approval of a majority of the qualified electors residing within its corporate limits who shall vote thereon at a general or special election, and the legislative body of any such corporation shall submit any such matter for approval or disapproval to such electors at any general municipal election, or call a special election for such purpose at any time upon thirty days' notice. No franchise shall be granted, extended, or renewed for a longer time than twenty-five years."

   Arizona Revised Statutes, § 9–501 provides: "No franchise for a public utility shall be granted by a municipal corporation to be operated by the grantee unless authorized by a majority vote of the qualified voters of the municipal corporation at a regular election or at a special election duly and regularly called

by the governing body of the municipal corporation for that purpose."

Chapter XVII under Franchises and Public Utilities of the Tucson City Code provides:

   "§ 1, Election required on franchises:

   No franchise shall be granted, extended or renewed by the city without the approval of a majority of the qualified electors residing within its corporate limits voting thereon at a primary, general or special election; and the mayor and council shall submit any matter for approval or disapproval to such election at any primary or general municipal election, or call a special election for such purpose at any time upon thirty days' notice; and the mayor and council shall require, before calling any such election, that the estimated expense thereof (to be determined by the mayor and council) shall be first deposited by the applicant for such franchise with the clerk." Id at 58.

contest a franchise. We agree. A.R.S. § 12–2041 provides:

"A. An action may be brought in the supreme court by the attorney general in the name of the state upon his relation, upon his own information or upon the verified complaint of any person, in cases where the supreme court has jurisdiction, or otherwise in the superior court of the county which has jurisdiction, against any person who usurps, intrudes into or unlawfully holds or exercises any public office or any franchise within this state. B. The attorney general shall bring the action when he has reason to believe that any such office or franchise is being usurped, intruded into or unlawfully held or exercised."

Quo warranto has been held to be the exclusive remedy for testing a franchise. *Faulkner v. Board of Supervisors*, 17 Ariz. 139, 149 P. 382 (1915); *McDonald v. Cochise County*, 37 Ariz. 90, 292 P. 603 (1930). A.R.S. § 12–2042 confers upon county attorneys the same right to challenge franchises within their counties. These sections have been interpreted to require a private party who seeks to challenge a franchise to bring his complaint first to the attorney general or the county attorney before attempting to initiate his own action. *State ex rel. Sullivan v. Moore*, 49 Ariz. 51, 64 P.2d 809 (1937). Where the attorney general or county attorney refuses to bring an action based on such a complaint, A.R.S. § 12–2043(A) provides that the private person may seek court approval to bring his own private action:

"If the attorney general or the county attorney refuses to bring an action as provided for in §§ 12–2041 and 12–2042, upon information or at the request of *any person claiming such office or franchise*, the person may apply to the court for leave to bring the action in his own name and may so bring it if leave therefor is granted." (Emphasis added)

The statute has been construed to require a private party to demonstrate his personal interest in the franchise or office

in question as a condition precedent to obtaining court authorization to bring his own quo warranto action. *State ex rel. Sullivan v. Moore*, supra; *Tracy v. Dixon*, 119 Ariz. 165, 579 P.2d 1388, cert. den. 439 U.S. 983, 99 S.Ct. 572, 58 L.Ed.2d 654 (1978); *Skinner v. City of Phoenix*, 54 Ariz. 316, 95 P.2d 424 (1939); *State ex rel. Hess v. Boehringer*, 16 Ariz. 48, 141 P. 126 (1914).

Thus, the quo warranto statute provides for two types of actions: (1) By the attorney general or county attorney in the public interest and (2) where a private party claims a personal interest. *State ex rel. Sullivan v. Moore*, supra. Where a party, such as appellant, asserts a general interest, his challenge must be through a complaint to the attorney general or county attorney that the franchise is held illegally. In such instance, the attorney general or county attorney "... shall bring the action [in quo warranto] when he has reason to believe that any such office or franchise is being ... unlawfully ... exercised." A.R.S. § 12–2042. If the attorney general or county attorney refuses to bring the action, the private person can then request a writ of mandamus to compel the initiation of the action. *State ex rel. Sawyer v. LaSota*, 119 Ariz. 253, 580 P.2d 714 (1978). Appellant's choice of remedies is wrong. A writ of mandamus is extraordinary relief available "when there is not a plain, adequate and speedy remedy at law," A.R.S. § 12–2021. It is only appropriate, however, where the act sought to be compelled is ministerial. In this case, of course, any duty of the City of Tucson to put this franchise on the ballot would not be ministerial, since the city has discretion as to which company or companies may appear on the ballot. Any duty of the attorney general to institute a court proceeding against the City of Tucson to hold an election, should the undisputed facts show as a matter of law that the Mountain States franchise is held illegally, would be ministerial and thus subject to mandamus. The statutory remedy afforded through quo warranto affords ample remedy at law and is the appropriate vehicle for dealing with

68

the situation. Appellant's petition in search of a writ of a mandamus was properly dismissed.

Affirmed.

BIRDSALL, C.J., and HOWARD, J., concur.