NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

———————————————

AMERICAN MEDICAL RESPONSE, INC., et al., *Plaintiffs/Appellants*,

*v.*

JENNIFER CUNICO, in her official capacity as the Executive Director of the Arizona Department of Health Services, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0767
FILED 11-10-2025

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2023-014098
The Honorable John L. Blanchard, Judge

**AFFIRMED**

———————————————

COUNSEL

Snell & Wilmer LLP, Phoenix
By Brett William Johnson, Tracy Olson, and Claudia E. Stedman
*Co-Counsel for Plaintiffs/Appellants*

Shorall McGoldrick Zerlaut, Phoenix
By Paul J. McGoldrick
*Co-Counsel for Plaintiffs/Appellants*

Papetti Samuels Weiss McKirgan LLP, Scottsdale
By Lauren Ann Crawford and Robert H. McKirgan
*Counsel for Defendant/Appellee Central Arizona Fire and Medical*

Arizona Attorney General's Office, Phoenix
By Patricia Cracchiolo LaMagna, Hayleigh S. Crawford, Mary Curtin, and
Luci Danielle Davis
*Counsel for Defendants/Appellees Arizona Department of Health Services and
Jennifer Cunico*

Arizona Attorney General's Office, Phoenix
By Alexander W. Samuels and Mary Curtin
*Counsel for Defendant/Appellee Kristin K. Mayes*

---

**MEMORANDUM DECISION**

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

¶1 American Medical Response, Inc. and its subsidiary Life Line, Inc. (collectively "American Medical") appeal from the superior court's dismissal of its quo warranto claim and of Defendant Jennifer Cunico, Executive Director of the Arizona Department of Health Services ("the Department"). On appeal, American Medical argues that it stated a claim for quo warranto and that the Department was a necessary party to the remaining counts. This Court disagrees and affirms.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Central Arizona Fire and Medical Authority ("Fire District") is a fire district and a special taxing district located in Yavapai County. American Medical operates an ambulance service within the Fire District's boundaries. In 2022, the Fire District instituted a new fee schedule through Resolution 2022-06 ("the Resolution"), which includes a $550 paramedic ride-along fee applied to ambulance service providers operating within the district.

¶3          In 2023, American Medical challenged the Fire District's authority to impose that fee. American Medical subsequently amended its complaint to join the Department and Kristin Mayes in her capacity as Attorney General of Arizona (collectively "the Attorney General"). American Medical asserted the Fire District was unlawfully usurping the Department's exclusive authority to regulate ambulance service providers and sought declaratory relief to stop the Fire District from doing so.

¶4          The superior court dismissed both the Department and the Attorney General, finding American Medical failed to state a claim for relief against either. The court further found American Medical and the Fire District were "the appropriate parties to this dispute." Upon the parties' request, the court entered a Rule 54(b) judgment, which dismissed American Medical's quo warranto claim against all parties. American Medical appealed the portion of the order dismissing its quo warranto claim and the Department. This Court has jurisdiction pursuant to Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(1).

## DISCUSSION

¶5          American Medical argues A.R.S. § 36-2232(A) provides nearly exclusive authority to the Department to regulate charges for ambulance-related services. It claims the Fire District, by adopting Resolution 2022-06, unlawfully usurped the Department's fee-setting authority. American Medical asserts that Count IV, which it describes as a request for "a declaration that a quo warranto claim exists" against the Department, should not have been dismissed because the Uniform Declaratory Judgments Act ("UDJA"), A.R.S. §§ 12-1831 to 1846, entitles American Medical to such relief. Alternatively, it argues that because the Department is a necessary party, it should not have been dismissed.

¶6          This Court reviews dismissal of a complaint under Rule 12(b)(6) *de novo. Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 513 ¶ 11 (2021). "When adjudicating a Rule 12(b)(6) motion to dismiss, Arizona courts look only to the pleading itself and consider the well-pled factual allegations contained therein." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 7 (2008). "Courts must also assume the truth of the well-pled factual allegations and indulge all reasonable inferences therefrom." *Id.*

## I.      American Medical Failed to State a Claim in Quo Warranto.

¶7          "An action in quo warranto is an extraordinary proceeding, addressed to preventing a continued exercise of authority unlawfully

asserted." *State ex rel. Woods v. Block*, 189 Ariz. 269, 272 (1997). Arizona's quo warranto statute can be found at A.R.S. §§ 12-2041 to 2045. Section 12-2041 authorizes the attorney general to bring an action:

> against any person who usurps, intrudes into or unlawfully holds or exercises any public office or any franchise within this state.

A private party may only bring a quo warranto action, with leave of the court, if they are the "person claiming such office or franchise" and if the attorney general or county attorney "refuses to bring an action as provided for in §§ 12-2041 and 12-2042." A.R.S. § 12-2043. Arizona law does not allow a private party, other than one whose office is being usurped, to bring a petition for a writ of quo warranto. *See State ex rel. Sawyer v. LaSota*, 119 Ariz. 253, 255 (1978). Because American Medical is not a "person claiming such office or franchise," it cannot bring a quo warranto claim as a matter of law.

**¶8**        In its opening brief, American Medical argued it may seek declaratory relief under the UDJA that a quo warranto claim exists because the Resolution usurps the authority of the Department. Admitting this is a "novel" argument, it contended the "plain language" of the UDJA allows such relief because it says a court may "declare rights, status, and other legal relations whether or not further relief is or could be claimed." A.R.S. § 12-1831. However, at oral argument, American Medical conceded the Arizona Supreme Court's decision in *Skinner v. City of Phoenix*, 54 Ariz. 316 (1939), precludes its quo warranto claim.

**¶9**        American Medical's requested relief — a declaration that it has a quo warranto claim against the Department — is not available under either the UDJA or the quo warranto statutes. Therefore, the superior court did not err by dismissing Count IV for failure to state a claim upon which relief can be granted. *See* Ariz. R. Civ. P. 12(b)(6).

## II.        American Medical Cannot Join the Department under Rule 19.

**¶10**        In the alternative, American Medical argues the Department is a necessary party to the remaining counts under Rule 19 of the Arizona Rules of Civil Procedure. It contends it will be "exposed to the risk of inconsistent obligations" if it must obtain the Department's approval to pass on the ride-along fees to its patients. American Medical's argument fails because it has no independent cause of action against the Department.

**¶11**        Although there is no Arizona case law on point, federal courts have held that before a party may be joined as a defendant under Rule 19,

a plaintiff must have a cause of action against it. *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 457 (5th Cir. 1989) ("[I]t is implicit in [Federal] Rule 19(a) itself that before a party will be joined . . . as a defendant the plaintiff must have a cause of action against it."); *Davenport v. Int'l Bhd. of Teamsters, AFL-CIO*, 166 F.3d 356, 366 (D.C. Cir. 1999) ("[W]hile [Federal] Rule 19 provides for joinder of necessary parties, it does not create a cause of action against them."). Arizona Rule 19 is identical to Federal Rule 19. *See* Ariz. R. Civ. P. 19; Fed. R. Civ. P. 19. When Arizona rules are "substantively indistinguishable" from their federal counterpart, this Court "may look for guidance to federal courts' interpretations of their rules." *Heritage Vill. II Homeowners Ass'n v. Norman*, 246 Ariz. 567, 572 ¶ 19 (App. 2019).

¶12       Because American Medical has failed to state a claim against the Department, it cannot join the Department using the provisions of Rule 19 alone. Under Arizona law, as under federal law, "the rules and administrative orders shall not . . . [a]bridge, enlarge or modify substantive rights of a litigant." A.R.S. § 12-109(B)(1); *see also* 28 U.S.C. § 2072(b) ("[The Federal Rules of Civil Procedure] shall not abridge, enlarge or modify any substantive right.").

**CONCLUSION**

¶13       For the foregoing reasons, the superior court's orders of dismissal are affirmed.

